EDWARD THOMPSON CO. v. AMERICAN LAWBOOK CO.

(Circuit Court, S. D. New York. June 30, 1904.)

No. 7,951.

1. COPYRIGHT—INFRINGEMENT—USE OF CITATIONS FROM LAWBOOK.

A copyright of a law encyclopædia is not infringed by a subsequent work of like character because the author of the second work, in its preparation, used lists of cases bearing on different subjects copied from the copyrighted work, and, after examining the authorities cited, used such citations as he considered applicable in support of his own original text.

In Equity. Suit for infringement of copyright. On final hearing.

Walter Large and Frank P. Pritchard, for complainant.

Edmund Wetmore and Augustus T. Gurlitz, for defendant.

PLATT, District Judge. I am satisfied that the case before me on final proofs cannot be distinguished from the case before the trial court on affidavits. Indeed, when the preliminary injunction was issued, Judge Lacombe saw that such result was inevitable, and for that reason very properly put the cause in such position that an authoritative decision upon an interesting point of law might be reached at an early day, thus concluding the whole matter.

Like a certain disembodied spirit, familiar to every reader, but with added strenuosity, this affair will not down at anybody's bidding.

The only real attempt at contention now comes up over "words and phrases," but that was in issue on the circuit, and clearly did much to induce the injunction relief. The silence of the Court of Appeals in respect thereto would indicate to the observing mind that the point was thought to be immaterial. Whatever the event, the present trier feels that it is his duty to follow the views of the powers, so far as he can interpret them; but beyond that, when he comes to the case in hand, he is glad to find that his own view of the right and of the wrong of the controversy coincides with theirs. True it is that progress in the very important department of work in discussion would be seriously, almost hopelessly, retarded, if the contrary rule prevailed. Nor does it strike the mind of this court that the complainant's piracy was the moving cause of the decision in the Court of Appeals. The main issue was decided, and the piracy argument was added as clenching the contention. If at this date it has evaporated from the case, it is none the less true that the great issue was fully decided contrary to the complainant's views.

The briefs which were handed up at the hearing have this peculiarity: It is very apparent that they are the ones used on the appeal, with such emendations and additions as to the counsel seemed appropriate. Perception of that fact aids in cementing the conclusion above noted that the present case is quite what it was when argued upon the affidavits. For example, on page 42 of complainant's brief, I find, verbatim et literatim, the argument quoted in 122 Fed., at page 924, 59 C. C. A. 148, 62 L. R. A. 607. The answer given by the Court of Appeals was that the case stated was not the case made by the proofs. That answer remains good even now. If the briefs used on appeal could have been copyrighted, and fresh counsel were now pressing the matter before me, the later gentlemen might have been charged with "unfair use." Scanning the proofs with all the favor which complainant can suggest, the citations of words and phrases and definitions were only used by the defendant as guides to the decisions, and for that purpose a very limited number were used, since the larger portion were lawfully gathered from other sources. In other ways the fountains of information were the same to each party; the only distinction noted on the record being that the defendant paid for its excursion into outsiders' preserves, while the complainant insists that it had a right to browse in other people's pastures, and is defending in another court the charge that such actions were wrong.

Let the bill be dismissed, with costs.